**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT CINCINNATI**

| | |
|---|---|
| **CARMEN CARTER**<br>419 Probasco Street<br>Cincinnati, OH 45220<br><br>        Plaintiff,<br><br>   v.<br><br>**TRANSWORLD SYSTEMS, INC.**<br>c/o CT Corporation Systems<br>4400 Easton Commons Way, Suite 125<br>Columbus, Ohio 43219<br><br>        Defendant. | Case No.<br><br><br>**COMPLAINT FOR DAMAGES**<br>**With Jury Demand** |

Plaintiff Carmen Carter ("Plaintiff"), through Counsel, and for his Complaint against Defendant Transworld Systems, Inc., ("TSI" or "Defendant"), hereby states the following:

**PARTIES, JURISDICTION, AND VENUE**

1.      Plaintiff Carmen Carter is a natural person who resides at 419 Probasco Street, Cincinnati, Ohio.

2.      Defendant Transworld Systems, Inc. is a corporation incorporated under the laws of the State of California with its principal place of business located at 500 Virginia Drive, Suite 514, Ft. Washington, PA 19034-2707.  TSI is a debt collector who collects for a variety of different types of consumer debts including medical debts, student loans debts, and financial institution debts for a wide variety of companies across the United States including debts in the State of Ohio.

3.      Jurisdiction is proper under 28 U.S.C. § 1331 as this action arises out of violations of the Telephone Collection Practices Act ("TCPA"), 47 U.S.C. § 227, *et seq.*

1

4.      This Court has supplemental jurisdiction to hear any and all state law claims that are plead herein or that may subsequently arise pursuant to 28 U.S.C. § 1367.

5.      Venue lies in this District pursuant to 28 U.S.C. § 1391(b), as Plaintiff resides in Ohio and all of the causes of action described herein occurred in this District.

## BACKGROUND FACTS

6.      On July 25, 2013 the Plaintiff was named as guardian for her sister, Emily Baker. A copy of her guardianship appointment is attached as Exhibit A.

7.      Ms. Baker passed away intestate on September 5, 2014.  A copy of her death certificate is attached as Exhibit A.

8.      Prior to her passing, Ms. Baker incurred a debt with Bortz Healthcare of Ypsilanti (MI) ("Bortz") which the Plaintiff remitted payments pursuant to the patient contract with Bortz from November 2013 through September 9, 2014.  A copy of these proof of payments is attached as Exhibit B.

9.      As Plaintiff did not sign a personal guarantee on Ms. Baker's contract with Bortz, the Plaintiff believed once her sister passed Bortz could not pursue collection of this debt personally against her.   As Ms. Baker died intestate and insolvent, the September 9, 2014 payment was the last payment that was remitted to Bortz and the Plaintiff believed there was a balance of $1,124.00 outstanding she was not liable for.  *See Exhibit B* at p. 2.

10.     On or about October 12, 2016, the Plaintiff received correspondence from the Defendant dated October 11, 2016, indicating they were collecting the Bortz debt.  A copy of the collections notice is attached as Exhibit C to the Complaint.

11.     Exhibit C indicates that prior to October 11, 2016 the Defendant had sent the Plaintiff a prior Dunning notice however the Plaintiff did not receive it and upon belief she did

send a debt validation letter to the Defendant at the correspondence address of PO Box 17221, Wilmington, DE 16850 along with the contents of Exhibit B as the Plaintiff did not believe she owed the debt to Bortz personally.

12.     For all times relevant herein to the Complaint the Plaintiff had a cell phone number which begins with the prefix (513) and ends with 2219 with T-Mobile as her carrier. ("the T-Mobile number").

13.     For all times relevant herein to the Complaint the Plaintiff additionally maintained a Voice-Over-Internet-Phone (VOIP) number which rang to both a home base and her cell phone number through Vonage which begins with the prefix (513) and ends with 5076.  ("the Vonage number").

14.     When the Plaintiff signed the original contract on behalf of her sister with Bortz she did not have either the T-Mobile number nor the Vonage number.

15.     Shortly after receiving Exhibit C, the Plaintiff began receiving calls from the Defendant on her T-Mobile number.  A copy of the Plaintiff's phone records for the T-Mobile Number from October 14, 2016 through February 13, 2017 is attached as Exhibit D.

16.     From October 14, 2016 through February 13, 2017 the Plaintiff received calls to her T-Mobile number from the Defendant at various phone numbers owned and/or operated by the Defendant:

    a)  (513)-xxx-1919: November 28, 2016 at 1:36 p.m.;
    b)  (513)-xxx-1919: December 13, 2016 at 3:25 p.m.;
    c)  (513)-xxx-1919: December 13, 2016 at 7:56 p.m.;
    d)  (513)-xxx-1919: February 8, 2017 at 12:54 p.m.;
    e)  (513)-xxx-2941: November 15, 2016 at 4:53 p.m.;
    f)  (513)-xxx-2941: December 15, 2016 at 1:30 p.m.; and
    g)  (513)-xxx-9398: November 14, 2016 at 1:26 p.m.

*See Exhibit D.*

17.     In addition to the calls to her T-Mobile number, the Plaintiff also received calls to her Vonage number from the Defendant at various phone numbers owned and/or operated by the Defendant from October 14, 2016 through at least July 31, 2017.  A copy of the Plaintiff's phone records from the Vonage number are attached as Exhibit E.

18.     From October 14, 2016 through July 31, 2017 the Plaintiff received calls to her Vonage number from the following various phone numbers owned and/or operated by the Defendant:

1.  (513)-xxx-9398: November 14, 2016 at 10:39 a.m.
2.  (513)-xxx-2941: November 15, 2016 at 10:31 a.m.
3.  (513)-xxx-1919: November 16, 2016 at 9:47 a.m.
4.  (513)-xxx-9398: November 17, 2016 at 12:38 p.m.
5.  (513)-xxx-2941: November 18, 2016 at 8:47 a.m.
6.  (513)-xxx-1919: November 19, 2016 at 8:21 a.m.
7.  (513)-xxx-2941: November 21, 2016 at 10:30 a.m.
8.  (513)-xxx-9398: November 23, 2016 at 8:15 a.m.
9.  (513)-xxx-1919: November 28, 2016 at 11:45 a.m.
10. (513)-xxx-2941: November 30, 2016 at 8:16 a.m.
11. (513)-xxx-9398: December 5, 2016 at 10:13 a.m.
12. (513)-xxx-1919: December 13, 2016 at 8:58 a.m.
13. (513)-xxx-9398: December 14, 2016 at 8:54 a.m.
14. (513)-xxx-2941: December 15, 2016 at 9:08 a.m.
15. (513)-xxx-1919: January 6, 2017 at 8:30 a.m.
16. (513)-xxx-9398: January 16, 2017 at 11:08 a.m.
17. (513)-xxx-1919: February 2, 2017 at 9:30 a.m.
18. (513)-xxx-9398: February 6, 2017 at 11:09 a.m.
19. (513)-xxx-2941: February 7, 2017 at 11:48 a.m.
20. (513)-xxx-1919: February 11, 2017 at 8:51 a.m.
21. (513)-xxx-2941: February 13, 2017 at 9:05 a.m.
22. (513)-xxx-9398: February 15, 2017 at 10:15 a.m.
23. (513)-xxx-2941: February 16, 2017 at 10:05 a.m.
24. (513)-xxx-1919: February 17, 2017 at 9:52 a.m.
25. (513)-xxx-1919: February 20, 2017 at 1:29 p.m.
26. (513)-xxx-9398: February 21, 2017 at 10:01 a.m.
27. (513)-xxx-4756: March 13, 2017 at 8:32 a.m.
    ● This caller identified herself as "Marsha Snyder" as a representative of the Defendant
28. (513)-xxx-2941: March 15, 2017 at 2:00 p.m.

29. (513)-xxx-1919: March 22, 2017 at 1:55 p.m.
30. (513)-xxx-2941: March 24, 2017 at 2:36 p.m.
31. (513)-xxx-1919: March 31, 2017 at 10:15 a.m.
32. (513)-xxx-9398: March 4, 2017 at 5:18 p.m.
33. (513)-xxx-6470: April 13, 2017 at 2:51 p.m.
34. (513)-xxx-6639: April 17, 2017 at 1:44 p.m.
35. (513)-xxx-4794: April 18, 2017 at 5:35 p.m.
36. (513)-xxx-2991: April 19, 2017 at 10:48 p.m.
37. (513)-xxx-6642: April 21, 2017 at 1:51 p.m.
38. (513)-xxx-4794: April 24, 2017 at 5:44 p.m.
39. (513)-xxx-2991: April 25, 2017 at 6:18 p.m.
40. (513)-xxx-4815: April 26, 2017 at 5:54 p.m.
41. (513)-xxx-4794: April 27, 2017 at 6:39 p.m.
42. (513)-xxx-4815: May 2, 2017 at 6:27 p.m.
43. (513)-xxx-6670: May 13, 2017 at 1:38 p.m.
44. (513)-xxx-6639: May 17, 2017 at 7:23 p.m.
45. (513)-xxx-6639: May 20, 2017 at 1:28 p.m.
46. (513)-xxx-6670: May 22, 2017 at 5:32 p.m.
47. (513)-xxx-6639: May 23, 2017 at 2:37 p.m.
48. (513)-xxx-6642: May 24, 2017 at 1:36 p.m.
49. (513)-xxx-6670: May 25, 2017 at 7:30 p.m.
50. (513)-xxx-6639: May 26, 2017 at 3:05 p.m.
51. (513)-xxx-6642: May 30, 2017 at 3:14 p.m.
52. (513)-xxx-6670: May 31, 2017 at 2:57 p.m.
53. (513)-xxx-2840: June 2, 2017 at 7:38 p.m.
54. (513)-xxx-2840: June 5, 2017 at 12:38 p.m.
55. (513)-xxx-2809: June 7, 2017 at 1:28 p.m.
56. (513)-xxx-2840: June 8, 2017 at 3:23 p.m.
57. (513)-xxx-2840: June 8, 2017 at 5:28 p.m.
58. (513)-xxx-2871: June 9, 2017 at 3:24 p.m.
59. (513)-xxx-2809: June 13, 2017 at 3:00 p.m.
60. (513)-xxx-2871: June 15, 2017 at 10:50 a.m.
61. (513)-xxx-2809: June 16, 2017 at 11:20 a.m.
62. (513)-xxx-2840: June 17, 2017 at 1:21 p.m.
63. (513)-xxx-2809: June 19, 2017 at 10:19 a.m.
64. (513)-xxx-2840: June 20, 2017 at 10:55 a.m.
65. (513)-xxx-2871: June 21, 2017 at 1:44 p.m.
66. (513)-xxx-2809: June 22, 2017 at 11:57 a.m.
67. (513)-xxx-2840: June 23, 2017 at 4:44 p.m.
68. (513)-xxx-2871: June 24, 2017 at 12:44 p.m.
69. (513)-xxx-2840: June 26, 2017 at 2:42 p.m.
70. (513)-xxx-2840: June 29, 2017 at 2:01 p.m.
71. (513)-xxx-2871: June 30, 2017 at 11:26 a.m.
72. (513)-xxx-2871: July 3, 2017 at 10:10 a.m.
73. (513)-xxx-3011: July 5, 2017 at 12:44 p.m.

74. (513)-xxx-3061: July 6, 2017 at 2:48 p.m.
75. (513)-xxx-2958: July 7, 2017 at 3:28 p.m.
76. (513)-xxx-3011: July 8, 2017 at 8:18 a.m.
77. (513)-xxx-2958: July 10, 2017 at 12:07 p.m.
78. (513)-xxx-3011: July 11, 2017 at 3:58 p.m.
79. (513)-xxx-3011: July 17, 2017 at 2:55 p.m.
80. (513)-xxx-3011: July 20, 2017 at 10:47 a.m.
81. (513)-xxx-3061: July 21, 2017 at 11:23 a.m.
82. (513)-xxx-3011: July 22, 2017 at 3:55 p.m.
83. (513)-xxx-3061: July 24, 2017 at 10:48 a.m.
84. (513)-xxx-2958: July 25, 2017 at 10:50 a.m.
85. (513)-xxx-3011: July 26, 2017 at 11:33 a.m.

*See Exhibit E.*

19.     The Plaintiff did not speak with a representative of the Defendant during any of these calls as the suffixes came up as either "Transworld Systems" on her Vonage caller id or the Plaintiff would utilize the *69 feature after a call to identify the source of the number.

20.     The Plaintiff did not speak to the Defendant's representative as she did not believe she owed the debt and had not given the Defendant permission to contact her at either the T-Mobile or the Vonage number.

21.     The Plaintiff after receiving all of these calls continued to grow more and more frustrated that the Defendant was causing her phone to ring for an unnecessary purpose and continues to suffer from the fear, anxiety, and stress of being contacted about a debt she does not owe.

22.     Based on the actions of the Defendant, the Plaintiff seeks recovery for the claims alleged, *infra*, summarized as follows:

| COUNT<br><br>STATUTE VIOLATED | SUMMARY OF CLAIM AND VIOLATIONS |
|---|---|
| **COUNT ONE**<br><br>47 U.S.C. § 227, *et seq.*<br><br>*TCPA* | Defendant's seven (7) calls from October 14, 2016 through February 13, 2017 to the Plaintiff's T-Mobile Number as well as Defendant's eight-six (86) calls from October 14, 2016 through July 31, 2017 to Plaintiff's Vonage number from each of the listed numbers were made using an automatic telephone dialing system or an artificial or pre-recorded voice to Plaintiff's cellular phone number for which Plaintiff was charged for each call. Each of the ninety-three (93) calls was made without prior consent of the Plaintiff to receive such calls and for a debt that the Plaintiff did not owe. |
| **COUNT TWO**<br><br>47 U.S.C. § 227, *et seq.*<br><br>*TCPA* | Defendant's seven (7) calls from October 14, 2016 through February 13, 2017 to the Plaintiff's T-Mobile Number as well as Defendant's eight-six (86) calls from October 14, 2016 through July 31, 2017 to Plaintiff's Vonage number from each of the listed numbers were made using an automatic telephone dialing system or an artificial or pre-recorded voice to Plaintiff's cellular phone number for which Plaintiff was charged for each call. Each of the ninety-three (93) calls was made without prior consent of the Plaintiff to receive such calls and for a debt that the Plaintiff did not owe. |
| **COUNT THREE**<br><br>15 U.S.C. § 1692(d)(5), 15 U.S.C. § 1692(e)(2), and 15 U.S.C. § 1692(f)(1)<br><br>*FDCPA – Unfair and Unconscionable Means to Collect Debt* | Defendant's ninety-three (93) calls from October 14, 2016 from July 31, 2017 to Plaintiff's T-Mobile and Vonage numbers repeatedly caused the Plaintiff's phone to ring with an intent to harass and abuse the Plaintiff to collect on a debt the Plaintiff did not owe. |
| **COUNT FOUR**<br><br>ORC § 1345.01, *et seq.*<br><br>*OCSPA – Unfair and Unconscionable Means to Collect Debt* | Defendant's ninety-three (93) calls from October 14, 2016 from July 31, 2017 to Plaintiff's T-Mobile and Vonage numbers repeatedly caused the Plaintiff's phone to ring with an intent to harass and abuse the Plaintiff to collect on a debt the Plaintiff did not owe are unfair, unconscionable and deceptive means to collect a debt. |

## COUNT ONE: VIOLATIONS OF THE TCPA
**(47 U.S.C. § 227, *et seq.* - Knowing and/or Willful Violations of the Telephone Consumer Practices Act)**

23.     Plaintiff restates all allegations contained in Paragraphs 1 through 22 in their entirety, as if fully rewritten herein.

24.     47 U.S.C. § 227(b)(1)(A)(iii) states in pertinent part, "It shall be unlawful for any person within the United States....to make any call (other than a call made for emergency purposes or *made with the prior express consent of the called party*) using any automatic telephone dialing systems or an artificial or pre-recorded voice – to any telephone number assigned to a …. cellular telephone service .... or any service for which the party is charged for the call."

25.     The cell phone number described in Paragraph 12 is owned by the Plaintiff and is a telephone number assigned to a cellular telephone service for which the Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

26.     The VOIP number described in Paragraph 13 is owned by the Plaintiff and is a telephone number assigned to a cellular telephone service for which the Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

27.     As demonstrated in Paragraph 16 the Defendant contacted or attempted to contact the Plaintiff at her T-Mobile cell phone number from several different numbers owned or controlled by the Defendant on seven (7) separate occasions during the times described herein.

28.     As demonstrated in Paragraph 18 the Defendant contacted or attempted to contact the Plaintiff at her Vonage number from several different numbers owned or controlled by the Defendant on eighty-six (86) separate occasions during the times described herein.

29.     As demonstrated in Paragraphs 16 and 18 the Defendant contacted or attempted to contact the Plaintiff ninety-three (93) times during the times described herein.

30.     During all relevant times described above Defendant used an automatic telephone dialing system as defined by 47 U.S.C. § 227(a)(1) to place its 93 calls to Plaintiff seeking to collect on a debt which as demonstrated by Exhibits A, B and C, the Plaintiff did not owe.

31.     Each of the Defendant's ninety-three calls described above, *supra*, constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

32.     During all relevant times herein, the Defendant did not possess Plaintiff's prior express consent to receive calls using an automatic telephone dialing system or an artificial or pre-recorded voice on his cellular telephone pursuant to 47 U.S.C. § 227(b)(1)(A).

33.     Defendant has violated 47 U.S.C. § 227 and is liable to the Plaintiff for statutory damages for each and every call and, if the Court finds the Defendant willingly and/or knowingly violated the TCPA, Plaintiff is entitled to an award of up to one thousand five hundred dollars ($1,500.00) for each call described herein.

## COUNT TWO: VIOLATIONS OF THE TCPA

**(47 U.S.C. § 227, *et seq*. - Negligent Violations of the Telephone Consumer Protection Act)**

34.     The Plaintiff reincorporates all allegations contained in Paragraphs 1 through 22 as if fully contained herein.

35.     The foregoing acts and omissions of the Defendant constitute numerous and multiple negligence violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227, *et seq.*

36.     As a result of the Defendant's negligent violations of 47 U.S.C. § 227, *et seq.*, Plaintiff is entitled to an award of $500.00 for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(b).

## COUNT ONE: VIOLATIONS OF 15 U.S.C. § 1692(e)(10) and (f)(1)

37.     Plaintiff restates and incorporates herein all of their statements and allegations contained in paragraphs 1 through 23 in their entirety, as if fully rewritten.

38.     The Plaintiff is a "consumer" as that term is defined within the FDCPA.

39.     The Defendant is a "debt collector" as that term is defined by the FDCPA.

40.     The underlying contract with Bortz was a debt incurred for household purposes.

41.     The acts demonstrated above, *supra*, by the Defendant placing ninety-three phone calls to the Plaintiff for a debt she does not owe and in the pattern/date/times described herein is in violation of 15 U.S.C. § 1692(d)(5) as Defendant caused Plaintiff's phone(s) to ring for no lawful reason and in a manner that an ordinary person would find harassing.

42.     The acts demonstrated above, *supra*, by the Defendant placing ninety-three phone calls to the Plaintiff for a debt she does not owe is a violation of 15 U.S.C. § 1692(e)(2) as well as 15 U.S.C. § 1692(f)(2) as the Defendant knew or should have known that it was making false representations as to the collectability of the debt as to the Plaintiff given the fact she was the debtor's guardian only and had no contractual indebtedness to Bortz.

43.     The Defendant's conduct herein has caused the Plaintiff to suffer emotional distress driven by the fear, anxiety and worry that she may be liable for this debt and also the anxiety and worry of her T-Mobile Phone and her Vonage line unnecessarily ringing.

44.     Defendant's conduct was outrageous, willful, and wanton, and it showed a reckless disregard for the Plaintiff's rights.

45. Defendant is liable to the Plaintiff for actual damages, statutory damages, and Plaintiff's attorney's fees and costs.

## COUNT TWO: VIOLATIONS OF THE OHIO CONSUMER SALES PRACTICES ACT

46. Plaintiff restates and incorporates herein all of their statements and allegations contained in paragraphs 1 through 22 in their entirety, as if fully rewritten.

47. Plaintiff is a "consumer" as that term is defined by ORC § 1345.01(D).

48. Defendant is a "supplier" as that term is defined by ORC § 1345.01(C) because it is engaged in a business of effecting or soliciting consumer transactions.

49. Plaintiff's relationship with the Defendant constitutes a consumer transaction as that term is defined by ORC § 1345.01(A) because Defendant was collecting on a consumer transaction of Bortz.

50. The conduct of Defendant as alleged in the preceding paragraphs constitute violations of ORC § 1345.01, *et seq.*

51. ORC § 1345.02(A) provides that no supplier shall commit an unfair or deceptive act or practice in connection with a consumer transaction.

52. The acts as demonstrated above by the Defendant are unfair and deceptive as the Defendant repetitively and deceptively engaged in ninety-three (93) unnecessary and unwarranted phone calls to the Plaintiff to collect a debt she was not liable for in violation of ORC § 1345.02(A).

53. As a result of Defendant's actions, Defendant is liable to the Plaintiff for actual damages, statutory damages, reasonable attorney's fees and costs as well as treble damages and non-economic damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Carmen Carter respectfully requests for the following relief against Defendant Transworld Systems, Inc.:

A) For an award of actual damages for all allegations contained in Counts One through Four;

B) For an award of statutory damages of up to $1,500.00 for each of the ninety-three (93) violations alleged in Count One;

C) For an award of statutory damages of up to $500.00 for each of the ninety-three (93) violations alleged in Count Two;

D) For an award of statutory damages of $1,000.00 for all allegations contained in Count Three;

E) For an award of statutory damages of at least $500.00 but no more than $5,000.00 for all allegations contained in Count Four;

F) For Treble Damages;

G) For an award of Plaintiff's reasonable attorneys' fees and costs; and

H) For all other relief this Court may deem just and proper.

Respectfully Submitted,


*/s/ Brian D. Flick*
Brian D Flick (0081605)
Marc E. Dann (0039425)
DANNLAW
P.O. Box 6031040
Cleveland, OH  44103
Phone: (216) 373-0539
Facsimile: (216) 373-0536
notices@dannlaw.com
*Attorneys for Plaintiff*

12

## **JURY DEMAND**

Plaintiff hereby requests a trial by jury on all issues, with the maximum number of jurors permitted by law.

/s/ Brian D. Flick
Brian D Flick (0081605)
Marc E. Dann (0039425)
DANNLAW
*Attorneys for Plaintiff*

13